**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>HIDDEN VILLAGE GROUP, LLC; REMG CORP.; VICINIA PROPERTY MANAGEMENT, LLC; HILLARY B. CRANFORD, as the Next Friend of and Proposed Administrator of the ESTATE OF JERELL TYREEK BATTLE; WHITNEY BARRENTINE, as the surviving wrongful death beneficiary of JERELL TYREEK BATTLE,<br>Defendants. | ) | Civil Action No.:<br>1:25-cv-05774-ELR |

**<u>DEFENDANTS HILLARY B. CRANFORD AND WHITNEY BARRENTINE'S ANSWER AND AFFIRMATIVE DEFENSES TO KINSALE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT</u>**

COME NOW, Hillary B. Cranford, as the Administrator of the Estate of Jerell Tyreek Battle, and Whitney Barrentine, as the surviving wrongful death beneficiary of Jerell Tyreek Battle, Defendants in the above-styled action and hereby file this Answer to Plaintiff's Complaint for Declaratory Judgment and show this Honorable Court as follows:

FIRST DEFENSE

Plaintiff's Declaratory Action fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiff is barred and estopped from asserting its alleged claims against Defendants due to its actions and omissions in this matter.

THIRD DEFENSE

Plaintiff has waived any alleged claim for relief against Defendants due to Plaintiff's prior acts and omissions in this matter.

FOURTH DEFENSE

Plaintiff's claims fail, in whole or in part, because the Insureds complied with the referenced insurance policy and its provisions.

FIFTH DEFENSE

Plaintiff's claims fail, in whole or in part, because the referenced insurance policy provides coverage for the incident at issue.

SIXTH DEFENSE

Plaintiff's claims fail because they are barred by the doctrines of estoppel, laches, and/or waiver.

SEVENTH DEFENSE

Plaintiff's claims fail because there is an absence of any legitimate controversy.

EIGHTH DEFENSE

Plaintiff's claims fail because they did not timely send a proper reservation of rights notice to the Insured(s).

NINTH DEFENSE

Plaintiff's claims fail because Plaintiff's conduct was not in good faith, or was otherwise inequitable, such that Plaintiff has unclean hands.

TENTH DEFENSE

Plaintiff's claims fail because the subject insurance policies provide coverage for the underlying claims under the facts and circumstances of the underlying case.

ELEVENTH DEFENSE

Plaintiff's claims fail because the insurance policy terms and conditions relied upon by them are ambiguous, unlawful, and/or unenforceable.

AND BY WAY OF FURTHER ANSWER

Defendants respond to the specific allegations in the Complaint as follows:

**NATURE OF THE ACTION**

1. Defendants admit that Plaintiff seeks a declaratory judgment in connection with an underlying lawsuit filed against Plaintiff's insured but denied

that Plaintiff is entitled to the relief sought. Moreover, these Defendants admit that a true and accurate copy of the Complaint is attached as Exhibit A to Plaintiff's Complaint.

2. Defendants admit that Plaintiff seeks a declaratory judgment in connection with an underlying lawsuit filed against Plaintiff's insured but denied that Plaintiff is entitled to the relief sought.

3. Defendants admit they are named Defendants in Plaintiff's Complaint but deny that Plaintiff is entitled to the relief sought.

## THE PARTIES

4. Defendants can neither admit nor deny the allegations in Paragraph 4 for lack of sufficient information upon which to form a belief as to the trust of the matter asserted.

5. Defendants can neither admit nor deny the allegations in Paragraph 5 for lack of sufficient information upon which to form a belief as to the trust of the matter asserted.

6. Defendants can neither admit nor deny the allegations in Paragraph 6 for lack of sufficient information upon which to form a belief as to the trust of the matter asserted.

7. Defendants can neither admit nor deny the allegations in Paragraph 7 for lack of sufficient information upon which to form a belief as to the trust of the matter asserted.

8. These Defendants admit to the allegations contained in Paragraph 8 of the Petition.

9. These Defendants admit to the allegations contained in Paragraph 9 of the Petition.

## JURISDICTION AND VENUE

10. Because paragraph 10 of the Petition calls for a legal conclusion or states an opinion, no response is required, and if a response is required, the allegations are denied as pled.

11. Because paragraph 11 of the Petition calls for a legal conclusion or states an opinion, no response is required, and if a response is required, the allegations are denied as pled.

12. Because paragraph 12 of the Petition calls for a legal conclusion or states an opinion, no response is required, and if a response is required, the allegations are denied as pled.

13. Because paragraph 13 of the Petition calls for a legal conclusion or states an opinion, no response is required, and if a response is required, the allegations are denied as pled.

14. Defendants can neither admit nor deny the allegations in Paragraph 14 for lack of sufficient information upon which to form a belief as to the truth of the matter asserted.

15. Because paragraph 15 of the Petition calls for a legal conclusion or states an opinion, no response is required, and if a response is required, the allegations are denied as pled.

16. Because paragraph 16 of the Petition calls for a legal conclusion or states an opinion, no response is required, and if a response is required, the allegations are denied as pled.

## THE POLICY

17. These Defendants can neither admit nor deny the allegations in Paragraph 17 nor can Defendants admit or deny that a true and accurate copy of the Policy is attached to the Petition as Exhibit B for lack of sufficient information upon which to form a belief as to the truth of the matter asserted.

18. These Defendants state that the terms of the Policy speak for themselves, and to the extent the allegations in paragraph 18 modify, vary or otherwise change the terms of the Policy No. 0100204544-1("the Policy"), the allegations are denied. Except as expressly admitted herein, the Defendants deny the allegations of paragraph 18.

19. These Defendants state that the terms of the Policy speak for themselves, and to the extent the allegations in paragraph 19 modify, vary or otherwise change the terms of the Policy No. 0100204544-1(“the Policy”), the allegations are denied. Except as expressly admitted herein, the Defendants deny the allegations of paragraph 19.

20. These Defendants state that the terms of the Policy speak for themselves, and to the extent the allegations in paragraph 20 modify, vary or otherwise change the terms of the Policy No. 0100204544-1(“the Policy”), the allegations are denied. Except as expressly admitted herein, the Defendants deny the allegations of paragraph 20.

21. These Defendants state that the terms of the Policy speak for themselves, and to the extent the allegations in paragraph 21 modify, vary or otherwise change the terms of the Policy No. 0100204544-1(“the Policy”), the allegations are denied. Except as expressly admitted herein, the Defendants deny the allegations of paragraph 21.

22. These Defendants state that the terms of the Policy speak for themselves, and to the extent the allegations in paragraph 22 modify, vary or otherwise change the terms of the Policy No. 0100204544-1(“the Policy”), the allegations are denied. Except as expressly admitted herein, the Defendants deny the allegations of paragraph 22.

23. These Defendants state that the terms of the Policy speak for themselves, and to the extent the allegations in paragraph 23 modify, vary or otherwise change the terms of the Policy No. 0100204544-1("the Policy"), the allegations are denied. Except as expressly admitted herein, the Defendants deny the allegations of paragraph 23.

24. These Defendants state that the terms of the Policy speak for themselves, and to the extent the allegations in paragraph 24 modify, vary or otherwise change the terms of the Policy No. 0100204544-1("the Policy"), the allegations are denied. Except as expressly admitted herein, the Defendants deny allegations of paragraph 24.

25. These Defendants state that the terms of the Policy speak for themselves, and to the extent the allegations in paragraph 25 modify, vary or otherwise change the terms of the Policy No. 0100204544-1("the Policy"), the allegations are denied. Except as expressly admitted herein, the Defendants deny the allegations of paragraph 25.

**THE SHOOTING AND THE UNDERLYING LAWSUIT**

26. The Defendants admit to the allegations contained in paragraph 26 of the Petition.

27. The Defendants admit to the allegations contained in paragraph 27 of the Petition.

28. The Defendants admit to the allegations contained in paragraph 28 and that a true and accurate company of the Complaint is attached as Exhibit A to Plaintiff's Complaint.

29. These Defendants admit to the allegations contained in paragraph 29 of the Petition. However, discovery in the underlying tort suit is ongoing, and this allegation is subject to change.

30. These Defendants admit to the allegations contained in paragraph 30 of the Petition. However, discovery in the underlying tort suit is ongoing, and this allegation is subject to change.

31. These Defendants state that the Complaint in the Underlying Lawsuit speaks for itself, and to the extent the allegations in paragraph 31 modify, vary, or otherwise change the allegations of the Complaint in the Underlying Lawsuit, the allegations are denied. Defendants further deny the allegations in paragraph 31, as they call for a legal conclusion or state an opinion.

32. These Defendants state that the Complaint in the Underlying Lawsuit speaks for itself, and to the extent the allegations in paragraph 32 modify, vary, or otherwise change the allegations of the Complaint in the Underlying Lawsuit, the allegations are denied. The Defendants further deny the allegations in paragraph 32, as they call for a legal conclusion or state an opinion.

33. These Defendants state that the Complaint in the Underlying Lawsuit speaks for itself, and to the extent the allegations in paragraph 33 modify, vary, or otherwise change the allegations of the Complaint in the Underlying Lawsuit, the allegations are denied. The Defendants further deny the allegations in paragraph 33, as they call for a legal conclusion or state an opinion.

34. These Defendants state that the Complaint in the Underlying Lawsuit speaks for itself, and to the extent the allegations in paragraph 34 modify, vary, or otherwise change the allegations of the Complaint in the Underlying Lawsuit, the allegations are denied. The Defendants further deny the allegations in paragraph 34, as they call for a legal conclusion or state an opinion.

**RESERVATION OF RIGHTS SECTION**

35. Defendants can neither admit nor deny the allegations contained in paragraph 35 for lack of sufficient information upon which to form a belief as to the trust of the matter asserted.

36. Defendants can neither admit nor deny the allegations contained in paragraph 36 nor can these Defendants admit or deny that a true and accurate copy of the reservation of rights letter is attached as Exhibit C for lack of sufficient information upon which to form a belief as to the trust of the matter asserted.

37. Defendants can neither admit nor deny the allegations contained in paragraph 37 nor can these Defendants admit or deny that a true and accurate copy

of the reservation of rights letter is attached as Exhibit D for lack of sufficient information upon which to form a belief as to the trust of the matter asserted.

38. Defendants can neither admit nor deny the allegations contained in paragraph 38 for lack of sufficient information upon which to form a belief as to the trust of the matter asserted.

39. Defendants can neither admit nor deny the allegations contained in paragraph 39 for lack of sufficient information upon which to form a belief as to the trust of the matter asserted.

## CAUSES OF ACTION

## COUNT ONE—DECLARATORY JUDGEMENT: ASSAULT AND BATTER EXCLUSION BARS COVERAGE

40. These Defendants re-allege and incorporate by reference their responses to 1 through 39 hereinabove.

41. These Defendants state that the terms of the Policy speak for themselves, and to the extent the allegations in paragraph 41 modify, vary or otherwise change the terms of the Policy No. 0100204544-1("the Policy"), the allegations are denied. Except as expressly admitted herein, the Defendants deny the allegations of paragraph 41.

42. These Defendants state that the Complaint in the Underlying Lawsuit speaks for itself, and to the extent the allegations in paragraph 42 modify, vary, or

otherwise change the allegations of the Complaint in the Underlying Lawsuit, the allegations are denied. The Defendants further deny the allegations in paragraph 42, as they call for a legal conclusion or state an opinion.

43. These Defendants state that the Complaint in the Underlying Lawsuit speaks for itself, and to the extent the allegations in paragraph 43 modify, vary, or otherwise change the allegations of the Complaint in the Underlying Lawsuit, the allegations are denied. The Defendants further deny the allegations in paragraph 43, as they call for a legal conclusion or state an opinion.

44. These Defendants state that the Complaint in the Underlying Lawsuit speaks for itself, and to the extent the allegations in paragraph 44 modify, vary, or otherwise change the allegations of the Complaint in the Underlying Lawsuit, the allegations are denied. The Defendants further deny the allegations in paragraph 44, as they call for a legal conclusion or state an opinion.

45. These Defendants state that the Complaint in the Underlying Lawsuit speaks for itself, and to the extent the allegations in paragraph 45 modify, vary, or otherwise change the allegations of the Complaint in the Underlying Lawsuit, the allegations are denied. The Defendants further deny the allegations in paragraph 45, as they call for a legal conclusion or state an opinion.

46. Paragraph 46 is a statement of law and/or Plaintiff's legal position to which no response is required from the Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 46.

47. In response to any WHEREFORE paragraphs of the Petition, Defendants deny that Plaintiff is entitled to any legal or equitable relief whatsoever and all allegations contained therein are denied.

WHEREFORE, Defendants Hillary B. Cranford, as the Administrator of the Estate of Jerell Tyreek Battle, and Whitney Barrentine, as the surviving wrongful death beneficiary of Jerell Tyreek Battle, pray as follows:

a) That the action be dismissed;

b) That these Defendants be awarded their attorney's fees and costs associated with responding to this action; and

c) For any further relief as this Court deems just and proper.

**THESE DEFENDANTS DEMAND TRIAL BY JURY**

Respectfully submitted this 2nd day of March, 2026.

[SIGNATURE ON FOLLOWING PAGE]

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.

*/s/ J. Parker Miller*
J. PARKER MILLER
Georgia Bar No.135183
C. KEY LAMBERTH
Georgia Bar No. 158560
*Counsel for Defendants Hillary B. Cranford, as the Administrator of the Estate of Jerell Tyreek Battle, and Whitney Barrentine, as the surviving wrongful death beneficiary of Jerell Tyreek Battle*

Overlook II
2839 Paces Ferry Road SE, Suite 400
Atlanta, GA 30339
800-898-2034 (Office)
855-674-1818 (Fax)
Parker.miller@beasleyallen.com
Key.Lamberth@beasleyallen.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>HIDDEN VILLAGE GROUP, LLC; REMG CORP.; VICINIA PROPERTY MANAGEMENT, LLC; HILLARY B. CRANFORD, as the Next Friend of and Proposed Administrator of the ESTATE OF JERELL TYREEK BATTLE; WHITNEY BARRENTINE, as the surviving wrongful death beneficiary of JERELL TYREEK BATTLE,<br>Defendants. | ) | Civil Action No.:<br>1:25-cv-05774-ELR |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of March 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

Brandon R. Gossett
Paul L. Fields, Jr.
Camille Konopka
Fields Howell, LLP
665 8th Street NW
Atlanta, GA 30318
404-214-1250 (Office)
404-214-1251 (Fax)
pfields@fieldshawell.com
bgossett@fieldshowell.com
ckonopka@fieldshowell.com
*Attorneys for Plaintiff Kinsale Insurance Company*

This 2nd day of March, 2026.

BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.

*/s/ J. Parker Miller*

J. PARKER MILLER
Georgia Bar No.135183
C. KEY LAMBERTH
Georgia Bar No. 158560
*Counsel for Defendants Hillary B. Cranford, as the Administrator of the Estate of Jerell Tyreek Battle, and Whitney Barrentine, as the surviving wrongful death beneficiary of Jerell Tyreek Battle*