# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HIDDEN VILLAGE GROUP, LLC; | ) Civil Action File No.: |
| REMG CORP.;VICINIA PROPERTY | ) 1:25-cv-05774-ELR |
| MANAGEMENT, LLC; HILLARY B. | ) |
| CRANFORD, as the Next Friend of and | ) |
| Proposed Administrator of the ESTATE | ) |
| OF JERELL TYREEK BATTLE; | ) |
| WHITNEY BARRENTINE, as the | ) |
| surviving wrongful death beneficiary of | ) |
| JERELL TYREEK BATTLE, | ) |
| | ) |
| Defendants. | ) |

## RESPONDENTS HILLARY B. CRANFORD AND WHITNEY BARRENTINE'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Respondents Hillary B. Cranford, as the Next Friend of and Proposed Administrator of the Estate of Jerell Tyreek Battle and Whitney Barrentine, as the surviving wrongful death beneficiary of Jerell Tyreek Battle ("Respondents") submit the following pre-discovery disclosure of core information:

(1)    State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**This is a declaratory judgment action brought by Kinsale Insurance Company ("Petitioner"). The Petitioner is seeking a declaration from this Court that it has no duty to defend or indemnify its insureds (Defendants Hidden Village Group, LLC. ("Hidden Village") and/or REMG Corp. ("REMG") in an underlying tort lawsuit as a consequence of a May 5, 2024 shooting event at the underlying Defendants Apartment Complex that resulted in the untimely death of Jerrell Tyreek Battle.**

**Kinsale is seeking a declaratory judgment in this case that its policy does not cover the Underlying Lawsuits, due to the assault and battery exclusion and other terms and conditions of the policy.**

**Discovery is in its infancy in both this matter and the underlying state tort lawsuit. No witness has testified under oath that the policy Petitioner states as the policy is, in fact, the final policy with all attachments. Assuming the insurance policy has been produced in its complete form, Respondents contend the contract and exclusionary terms are ambiguous, and that the insurance contract should be construed in favor of the insured, such that the Petitioner**

**has a responsibility to defend and indemnify its insured in the underlying tort suit.**

(2)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**Insurance policies are to be construed liberally in favor of the insured and strictly as against the insurer, including when a dispute arises as to the contract. A contract of insurance should be read in favor of coverage in accordance with the reasonable expectations of the insured.**

*Clark v. United States Ins. Co. of Am.*, **199 Ga. App. 1, 5 (1991);** *Clarke v. UNUM Life Ins. Co. of Am.*, **14 F. Supp. 2d 1351, 1354 (S.D. Ga. 1998);** *Roland v. Georgia Farm Bureau Mutual Insurance Company*, **265 Ga. 776 (1995). Exclusions to coverage should be read "… narrowly and strictly construed against the insurer and forgivingly construed in favor of the insured to afford coverage."** *Auto Owners Ins. Co. v. Neisler*, **334 Ga. App. 284, 287 (2015).**

(3)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**Please see Attachment A**.

(4)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**At this time, the Respondents have not determined if they will use an expert witness. This response will be supplemented in the event experts are utilized**.

(5)     Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Please see Attachment C**.

(6)     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary

material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**The Respondents are not seeking damages in this action**.

(7)    Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**The Respondents did not maintain insurance as pertaining to this matter.**

(8)    Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

**The Respondents are presently unaware of any subrogation interest as pertaining to this declaratory judgment action. In the event this information changes, the Respondents will supplement this response**.

Respectfully submitted this 7th day of April 2026.

BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.

*/s/ J. Parker Miller*
J. PARKER MILLER
Georgia Bar No. 135183
C. KEY LAMBERTH
Georgia Bar No. 158560

*Counsel for Defendants Hillary B.
Cranford, as the Administrator of the
Estate of Jerell Tyreek Battle, and Whitney
Barrentine, as the surviving wrongful
death beneficiary of Jerell Tyreek Battle*

Overlook II
2839 Paces Ferry Road SE, Suite 400
Atlanta, GA 30339
800-898-2034 (Office)
855-674-1818 (Fax)
Parker.Miller@beasleyallen.com
Key.Lamberth@beasleyallen.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2026, Respondents' Initial Disclosures was

served by Notice of Electronic Mailing to the below e-mail addresses:

**Attorneys for Plaintiff Kinsale Insurance Company**

Brandon R. Gossett
Paul L. Fields, Jr.
Camille Konopka
FIELDS HOWELL, LLP
665 8th Street NW
Atlanta, GA 30318
404-214-1250 (Office)
404-214-1251 (Fax)
pfields@fieldshowell.com
bgossett@fieldshowell.com
ckonopka@fieldshowell.com


Respectfully submitted this 7th day of April, 2026.


/s/ J. Parker Miller
J. Parker Miller
Georgia Bar No. 135183