**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | |
| HIDDEN VILLAGE GROUP, LLC; REMG CORP.; VICINIA PROPERTY MANAGEMENT, LLC; HILLARY B. CRANFORD, as the Next Friend of and Proposed Administrator of the ESTATE OF JERELL TYREEK BATTLE; WHITNEY BARRENTINE, as the surviving wrongful death beneficiary of JERELL TYREEK BATTLE, | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 1:25-cv-05774-ELR |
| Defendants. | ) ) | |

**PLAINTIFF'S INITIAL DISCLOSURES**

Plaintiff Kinsale Insurance Company ("Kinsale") hereby provides its Initial Disclosures, as required by Federal Rules of Civil Procedure 26(a)(1) and Local Rule 26.1B(1).

**Preliminary Statement**

Kinsale is making its disclosures based upon current information, and the documents in possession of Kinsale are being disclosed in general terms without any individual identification of every document. Kinsale reserves the right to supplement or amend these disclosures with additional information, witnesses, or documents revealed through the course of any discovery.

**Disclosures**

**(1)　State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Kinsale seeks a declaration that it has no duty to defend or indemnify Defendants Hidden Village Group, LLC ("Hidden Village") or REMG Corp. ("REMG"), in connection with the lawsuit styled *Hillary B. Cranford, as the Next Friend of and Proposed Administrator of the Estate of Jerell Tyreek Battle, deceased; and Whitney Barrentine, as the surviving wrongful death beneficiary of Jerell Tyreek Battle, deceased vs. Hidden Village Group LLC d/b/a Hidden Village Apartments, REMG Corp., and Vicinia Property Management, and John Doe Defendants "1" through "15";* Civil Action No: 25-C-05213-S4, State Court of Gwinnett County, Georgia (the "Underlying Suit"), based upon the terms of Commercial General Liability Policy No. 0100204544-1 (the "Policy") issued to Hidden Village.

The Underlying Lawsuit arises out of a shooting (the "Incident") that occurred at the Hidden Village apartment complex located at 3040 Landrum Drive SW in Atlanta, Georgia (the "Property"). Hidden Village alleged owned the Property at the time of the Incident, and REMG allegedly managed the Property at the time of the Incident. Kinsale contends it has no duty to defend or indemnify either Hidden

Village or REMG in the Underlying Lawsuit, based on the Policy's Assault and Battery Exclusion.

**(2)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

a.    28 U.S.C. § 1332;

b.    28 U.S.C. § 2201;

c.    General principles of contract interpretation under Georgia law;

d.    *Richmond v. Georgia Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215 (1976)

e.    *Jefferson Ins. Co. of New York v. Dunn*, 269 Ga. 213 (1998);

f.    *Powe v. Chartis Specialty Ins. Co.*, 2017 WL 3525441, (N.D. Ga. June 1, 2017);

g.    *Capitol Indem., Inc. v. Brown*, 260 Ga. App. 863 (2003); and

h.    *First Specialty Ins. Corp., Inc. v. Flowers*, 644 S.E.2d 453 (2007);

i.    *Allied Prop. & Cas. Ins. Co. v. Bed Bath & Beyond, Inc.*, No. 1:12-CV-01265-RWS, 2014 WL 1292456, (N.D. Ga. Mar. 31, 2014).

**(3)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the**

3

**subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**(4)    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Kinsale has not yet retained any expert witnesses.

**(5)    Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

**(6)    In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including**

**materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Kinsale does not seek any monetary damages in this action and only seeks declaratory relief.

**(7)     Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Plaintiff is unaware of any such documents.

**(8)     Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

Kinsale does not believe any entity has a subrogation interest in this cause of action.

Respectfully submitted this 8th day of April, 2026.

[SIGNATURE TO FOLLOW]

5

**FIELDS HOWELL LLP**
665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
pfields@fieldshowell.com
bgossett@fieldshowell.com
ckonopka@fieldshowell.com

*/s/ Brandon R. Gossett*
Paul L. Fields, Jr.
Georgia Bar No.:  003420
Brandon R. Gossett
Georgia Bar No.: 120424
Camille B. Konopka
Georgia Bar No.: 128522

*Counsel for Plaintiff Kinsale Insurance Company*

6

**Attachment A**

1.    Representatives of Kinsale may have discoverable information regarding Hidden Village and REMG's claims for insurance coverage under the Policy.

2.    Representatives of Hidden Village and REMG may have discoverable information regarding the Property, Incident, and Underlying Lawsuit, as well as their claims for insurance coverage under the Policy.

3.    Defendants Hillary B. Cranford and Whitney Barrentine may have discoverable information regarding the Property, Incident, and Underlying Lawsuit.

Kinsale reserves all rights to supplement this list of individuals likely to have discoverable information which it may use to support its claims or defenses at any time up to and including trial.

## **Attachment B**

Intentionally Omitted

## Attachment C

1.    Commercial General Liability Policy No. 0100204544-1

2.    The operative complaint and other filings in the Underlying Lawsuit.

As discovery in this matter is ongoing, Kinsale reserves its right to supplement, modify, or amend this response as necessary and use other information and materials obtained during discovery in support of its defenses at any time up to and including trial.

## **Attachment D**

Intentionally Omitted

## **Attachment E**

Intentionally omitted.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | |
| HIDDEN VILLAGE GROUP, LLC; REMG CORP.; VICINIA PROPERTY MANAGEMENT, LLC; HILLARY B. CRANFORD, as the Next Friend of and Proposed Administrator of the ESTATE OF JERELL TYREEK BATTLE; WHITNEY BARRENTINE, as the surviving wrongful death beneficiary of JERELL TYREEK BATTLE, | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 1:25-cv-05774-ELR |
| Defendants. | ) ) | |

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that the foregoing document has been prepared with a font and point selection (Times New Roman, 14 point) that is approved by the Court as indicated in Local Rule 5.1(C) and 7.1(D).

Respectfully submitted this 8th day of April, 2026.

**FIELDS HOWELL LLP**
665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
pfields@fieldshowell.com
bgossett@fieldshowell.com
ckonopka@fieldshowell.com

*/s/ Brandon R. Gossett*
Paul L. Fields, Jr.
Georgia Bar No.:  003420
Brandon R. Gossett
Georgia Bar No.: 120424
Camille B. Konopka
Georgia Bar No.: 128522

*Counsel for Plaintiff Kinsale Insurance Company*

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | |
| HIDDEN VILLAGE GROUP, LLC; REMG CORP.; VICINIA PROPERTY MANAGEMENT, LLC; HILLARY B. CRANFORD, as the Next Friend of and Proposed Administrator of the ESTATE OF JERELL TYREEK BATTLE; WHITNEY BARRENTINE, as the surviving wrongful death beneficiary of JERELL TYREEK BATTLE, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 1:25-cv-05774-ELR |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has

been served upon counsel of record via email.

Respectfully submitted this 8th day of April, 2026.

**FIELDS HOWELL LLP**
665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
pfields@fieldshowell.com
bgossett@fieldshowell.com
ckonopka@fieldshowell.com

/s/ Brandon R. Gossett
Paul L. Fields, Jr.
Georgia Bar No.:  003420
Brandon R. Gossett
Georgia Bar No.: 120424
Camille B. Konopka
Georgia Bar No.: 128522

*Counsel for Plaintiff Kinsale Insurance Company*

13